Case 15-8009, N. Ray Herman Brewer, individually and on behalf of a class of all other persons similarly situated. Mr. Henderson for the petitioner, Mr. Salzman for the respondent. Mr. Henderson. May it please the court, my name is Thomas J. Henderson. I'm here on behalf of the petitioner. The district court's unprecedented order denying certification and dismissing all of the class claims, ending seven years of litigation, sets a disastrous precedent that needs to be reversed for three reasons. First, ruling completely misapplies the standard for adequacy under Rule 23A-4. Second, it erroneously applies the claim-splitting doctrine to employment discrimination class actions. And third, it wrongly dismissed all class claims rather than allowing class members to cure the adequacy concerns it identified. With respect to Rule 23A-4 adequacy, the court basically erred in applying the proper standard of Rule 23A-4 adequacy regarding Brewer's ability to represent a class action seeking monetary damages under Rule 23B-3. The court failed to inquire whether Brewer had any fundamental conflict or was somehow adverse with respect to the class for the purpose of seeking monetary relief. Instead, the court looked no further than to the wording of the complaint and failed to engage in any analysis of the Rule 23A-4 standard. Essentially, the court erred in holding that the requisites for class certification of one type of class action, B-2, somehow govern certification of a different type of class under B-3. This court has recognized in Ray Veneman that certification of classes for monetary damages are different than certification of classes for injunctive relief. And the Supreme Court in Walmart v. Dukes made unequivocally clear that the claims for monetary damages under B-3 belong under B-3. And they hold that Brewer's status as a former employee is completely irrelevant to the question of whether he could prosecute a class action for monetary relief in a class certified under B-3. At least as far as I'm concerned, this is not the best use of your time. You've got major issues prior to reaching the merits of the certification denial, or the denial of denial, starting with the intervention of the four, I think it is. With respect to the readers. Thank you, Your Honor. With respect to the motion to intervene, the law is clear that the standards for intervention in this court are the same as in Rule 24. And here, the interveners all meet the standards for intervention as of right, as they have interest in this case, which otherwise would not be represented. So we've been. As briefly as possible, what's the impairment that you're asserting? In the absence of intervention here, Your Honor, there is no guarantee that class members will ever be able to obtain appellate review of the order denying certification of the class that they would have been members of. And if that all pans out, there's this question of the interlocutory review, which precedes immediately all of what you said about the merits. Let me turn to the question. This was originally filed. This is a hearing on a petition under 23-F. I'd note that petition was filed 11 months ago. I think as the record now reflects in the motion to intervene, the case below has now ended. And absent the class certification order, the individual plaintiffs have resolved their case with the government. And the case has been dismissed. There's a motion for interveners to vote. The interveners have filed a motion to intervene for purposes of appealing the class certification judgment from the final order dismissing the individual claims. That motion is pending before the district court. District court has not acted on that yet. So in short, Your Honor, the circumstances in this case are very peculiar. Under the special circumstances. So you're not really maintaining that they were on the Razapan. This is one of the outside of the three. Let me say, these are not only special circumstances, but extraordinary circumstances, Your Honor. In the 11 months since the petition was filed, in fact, the case has ended. And the people before this court in the motion to intervene are the same individuals who have moved to intervene for purposes of appeal in the district court. In effect, the case has caught up with the petition. And I would suggest that the court should grant review on the merits now, because the same parties are here, we're in the same position as we would be at end of case review, and there's no- How is that possible if Mr. Brewer has voluntarily dismissed his claim? The fact that Mr. Brewer- A lot of the concern of the district court in denying class certification had to do with the adequacy of Mr. Brewer, for instance, who is now out of the case. Yes, Your Honor. Right? And if the intervener, would-be interveners are indeed permitted to intervene here at this level, and the case were to go back to the district court, there'd be no further argument about Brewer. Well, Your Honor, if I might, two things. First of all, one of the interveners, Frederick Robinson, in fact, also is subject to mandatory retirement. So he raises the same issues that are raised with respect to Brewer. But secondly, and perhaps more- We just don't have any record on that, correct? The record on that is in the motion for intervention. Just to the effect that he has since retired, that's it. But I believe those facts are set forth in that motion. But more importantly, Your Honor, if you look at the entirety of the court's order, the court also was wrong because it failed to permit- it failed in the proper response to the apparent mooting of Brewer's claims by not permitting other class members to come forward and assert the claims for adjunctive release. But if you get what you first sought, which is intervention here, and for these four, I don't see why you would go back and re-argue, or we should address, or you would go back and re-argue those case management issues when you've got a different set of parties. Your Honor, right now, the class claims have been dismissed, and the class members have no vehicle with which to seek review of the order denying class certification. I suppose that once the Court of Appeals were to agree with you on intervention and to remand the issue that the case at that point, the new intervenors would be in a position to, I'm not sure it would be necessary to amend the complaint, although perhaps as a formality it would. The district court presumably would allow that, because we'll have already said here it's supposed to be admitted. And then you would renew your motion for class certification, presenting a different set of reasons. Well, Your Honor, it seems to me the only way we could do that is if this court in fact does grant intervention and remands to the district court. Yes, right. If we do that, then why should we do any more? Well, because I think it's because I think It's kind of like they're saying, well, because one of them is retired. OK, but three of them are not. Well, Your Honor, I believe that the errors in the court's decision below would remain unless this court reviewed them and indicated that those, the basis for the holdings were incorrect. So therefore, the court would say what? If uncorrected, the district court would say what in response to the renewed motion for certification filed by the four new parties? Well, I. Where are the class, when is the class representation question coming in? I'm sorry, Your Honor? Where is the class representation question going to come in? On remand, Your Honor? Or here? Well, I'm trying to figure out what you mean to say. So if we were to grant intervention, you still don't have class representatives. The district court refused to allow a change of class representatives. The person who was is gone. So he's not there. So how do you cure that? You've got to have class representatives. Well, I agree, Your Honor. And one of the three primary arguments we make is that the district court erred in its response to the apparent mootness of Mr. Brewer by not permitting other class members to come forward who had. But a district court's reason for that, as I recall, it was timeliness? The district court's reasons. The district court's, we filed the motion for class certification and the motion to amend to substitute additional plaintiffs for purposes of injunctive relief simultaneously. The district court split them. It stayed the class motion for nine months while it considered the motion to amend. In considering the motion to amend, the court ruled that the court was wrong in two respects. One, it ruled that Brewer was not diligent in seeking to amend. In doing that, the court, by splitting it, the court treated Brewer as having been, in fact, his claims being moot before it ever decided issues raised in the class certification motion that they weren't moot. So we made arguments. That problem is cured if intervention occurs. I don't disagree, Your Honor. I don't disagree. So you don't need to rehash that. Well, I was trying to answer. I'm trying to understand what it is you see going back procedurally. So say we were to grant intervention. Yes. How does that cure the problem of the district court's refusal to allow a change in class representatives? I believe, Your Honor, as I was saying, that one of the errors the court made needs to be, at least one of the errors needs to be reversed. And that is the refusal to permit other class members to come forward to preserve the class claim for injunctive relief. I think that is not. If that is not, if we don't do that, the intervenors on remand will present their motion for a class certification. Correct? Including a request to serve as representatives? I believe if this court instructs the district court. Including a request to serve as representatives? Yes. OK, so then the district court would, in your view, have to then view that issue anew in light of our saying these folks have to be allowed to intervene. I believe. I think the answer is. I don't understand your theory. I understand. Because I don't know how you hear on this interlocutory appeal on the question of the district court's refusal to allow substitution. That was one of the grounds that on which the court made. No, I understand, but you can't bring everything to the court of appeals on this interlocutory appeal, which is one of their arguments. There are certain limited questions with respect to class certification, that's all. Well, I'm sorry, let me say this. The only issue, I think the issues that have been raised, that were raised in the petition, go to the class certification decision, including what's the appropriate response when you're looking at certification to the apparent looting of one of the plaintiff's claims, which is what we're just talking about. All of the issues with respect to the denial of class certification are raised in the petition. The parties agree. In the papers, the parties agree that the question of the propriety of the denial of class certification has been fully briefed, and now is being argued, or is capable of being argued. We contend that it does not make sense to send the parties back down all over again to achieve the formality of end of case review, when in fact, it is end of case review now, because the case is caught up to the petition. In further answer, I think to the government initially maintains that this is not, that what you're arguing is not properly raised on Rule 23-F, because it's a 16-B decision by the district court. Well, I understand. Let me address that. So the agreement is only once you get over that. Well, no. Well, they would prefer to say, well, let me say this. They are wrong in that contention, because after the Rule 16, after the decision on the motion to amend the Judge's 16-B ruling, we then continued briefing the class certification motion. And again, we said to the court, we argued that Brewer still had standing for injunctive relief. But we said, even if you find that he doesn't, you still should allow absent class members, if you're going to find now that Brewer's claims for injunctive relief are moot, you now have to allow absent class members to come forward to assert those claims to preserve the class claims for injunctive relief. And if we remand, that's where you are. I'm sorry? If we remand, that's exactly where you pick up. I believe the court would have to give some instructions that the court should consider the interveners and allow them to submit a new motion for class certification. Well, the whole reason for, if we were to say the interveners are here as a right or a discretionary, the whole purpose would be in order to enable them to do that, to present that issue. So a remand for proceedings consistent with the opinion of this court would necessarily mean that the district court would entertain your next motion for class certification. If that were the relief granted by the court, I believe that would be fine. That would be adequate. That would give the interveners then the opportunity to pursue a motion for class certification. It would be very failure for a district court not to hear the new interveners' motion for class certification on the ground that it decided that with respect to somebody who's no longer here for reasons that no longer apply. Forgive me, Your Honor, this case has been pending since 2008. We have been through a gauntlet of- That may be the government's charge of promoting the government than the district court. Regardless of who I'm not, it's not a matter of who's at fault. The point is, after eight years of litigation, we still have not had the full and fair opportunity to have this class certified, or at least have the class fully considered for class certification under Rule 20. The government bought off two of your plaintiffs. I'm sorry? The government bought off two of your plaintiffs. Well, after the district- And they're going to keep sniping at you. So you've got to get some plaintiffs in here who are not going to pay. Well, they only- they settled their claims after the class certification denial. What they were faced with at that point was either going through a trial of their individual claims, or only so they could then appeal the denial of class certification up here. And at that point, the government expressed a great interest in settling their individual claims, and they were settled. But the point is, the interveners now, as they should have been afforded the opportunity below, have stepped forward to say, we have standing, unquestionably. And we are here to come forward to preserve the class claims and prosecute the case through certification, and hopefully to a liability trial. We would be reversing the district court's decision, denying class representative status. Denying class members the opportunity to enter the case to pursue class certification. I don't think so. I don't think we would be doing that, because that motion, that denial, was a denial for Mr. Brewer to be class representative. No, wasn't it? You all can file a new motion. Wasn't denial, let's make sure we're all on the same page. Wasn't there a denial of a request for representative status by other persons other than Brewer? In addition to the motion to amend, which I've discussed already, at the time then that the court turned to class certification, we requested that the court allow absent class members to come forward to show they had standing for injunctive relief to preserve the class claims. Right, and that was denied. The district court refused to consider that, didn't consider it at all, and simply denied all the class claims. On the grounds of lack of diligence. No. No? At that point, the court said nothing about it. You said the diligence was with respect to Brewers. That was with respect to, well, with respect to the motion to amend that was filed simultaneously with the motion to certify, but it was treated differently. The district court denied the motion to amend, which would have substituted a new plaintiff. But if you prevail here on intervention, you now have new plaintiffs. We don't have to reverse the district court's denial of someone else's joining the complaint. So long as the district court is instructed that it is to consider a class certification motion filed by the intervenors, I agree. The court need not say that, I suppose. So none of the merits of the certification decision would then be resolved here. There would be, perhaps, new disputes, which would be resolved later, but we don't know what they are. I suppose that's correct. At least one of them might be about the former employee. I'm sorry I've gone over my time. Thank you, Mr. Henderson. Thank you, Your Honor. May it please the court. Joshua Salzman on behalf of the Attorney General. Even before Herman Brewer recently settled his individual claims, this case did not satisfy this court's established standards under Lorazepam for discretionary interlocutory review under Rule 23-F. But Brewer's settlement only amplifies and confirms that review at this juncture should be denied. And that's true for a couple of reasons. Wait a minute. Where are you on the motion to intervene? I think the intervention motion should be denied, Your Honor. I want to target something. I want to be very clear about something, which is I don't think it's true that granting intervention here would be akin to allowing these interveners to serve as class representatives below. I think there's a distinction. Of course not. They would have to make a motion to serve as class representatives. Right. So intervention for purposes of continuing to prosecute this appeal or intervention, as the Supreme Court described it in the McDonald case, by absent class members in order to take an appeal from a denial of class certification is very different from a determination that these individuals would be allowed to actually serve as class representatives. And I think that's very significant, because here we're operating under the constraints of the limited jurisdiction conferred by 23-F. Not with respect to intervention. With respect to intervention, we're just dealing with case law talking about absent class members intervening after the named class representative drops out of the case. Right. There's case law that allows absent class members to come in under certain circumstances to maintain an appeal from the denial of class certification. But we're dealing with a very different circumstance here, Your Honor. Because the district court made a specific ruling against the backdrop of Rule 16b, that the class here had not, or that the plaintiffs had not been diligent in seeking leave to amend, that they'd waited nine months from October of 2013 until July of 2014. They knew of the infirmities of their only class representative and did nothing. And that as a result of that lack of diligence, there was going to be prejudice to the court's management of its own calendar. Wait a minute. You're saying the present would-be interveners were aware but did nothing? So the record is there to show they were aware of it? You're talking about the interveners. I'm sorry. I'm talking about the plaintiffs here. I'm talking about the motion that was filed by the plaintiff class. So that was principally Brewer. Brewer. Brewer. Gone. Brewer is gone. I agree with that, Your Honor. All right. So your point was, Ron Brewer was not diligent. Right. Dilatory. All right. But that can't be a cause for departing from the ordinary rule that a class member can intervene to preserve the case when the would-be representative is dropped out. Well, I think when there's an appeal from final judgment here, which is the proper course and under Lorazepam is still the preferred course, these interveners have filed a motion in the district court as well. And once there's final judgment in the district court, we've opposed the intervention motion, but only on prematurity grounds. I think it is we would concede that under McDonald, these absent class members probably will be able to intervene and take an appeal from final judgment. Now, my opposing counsel has taken the view that this is effectively an appeal from final judgment. I think that that's a mistake. And the reason for that is, right now, all that is before the court is what's allowed under Rule 23-F, which is a review of only the class certification decision. But on an appeal from final judgment, this court can hear any of the other issues that any of the other parties, including parties who are not before the court today, might wish to appeal. For example, there was a plaintiff in district court named Fayette Reed. She had individual claims and class claims and had summary judgment granted against her. Once there's a final judgment, she might wish to notice an appeal as well. There are many other issues that came up over seven years of litigation comprising many other parties, which potentially might be wrapped into any appeal. Now, this court in La Razapam recognized that there are certain circumstances where 23-F interlocutory review is appropriate. But the concerns that animate La Razapam simply aren't present here. The parties aren't going to be trapped in district court litigating low-value claims. They're not going to expend a great deal of resources. The district court will be able to enter final judgment shortly. And once that happens, this case can return to the court with all the issues before it. No, La Razapam gives three circumstances where, one of which is unsettled questions of law. There's certainly unsettled questions of law. In this case, this is a bizarre circumstance. And it comes close to death knell in terms of class certification, because the district court has denied class certification, in part because Brewer is gone. It moots it out. And the district court refused to consider the possibility of others substituting for Brewer. Seems to me La Razapam, if you read, depends on how you read it, would say, you certainly can take review on the situation. And as we've been talking about, say, yes, these are appropriate persons who should be able to present to the district court for representation and certification. So I'd like to begin with the second La Razapam category, because it's not just an important question of law. It has to be an important question of law related to class actions. And the second criteria is that we'll evade end of case review. In both In re Veneman and In re Johnson, this court refused to consider important questions of class action law, because the petitioner there had failed to show that the issue would evade end of case review. Here, where final judgment can issue shortly in the district court, in both of those cases, it was sending the case back to the district court for further proceedings that could stretch on for years. Here, the district court can enter final judgment in short order. So I don't see how they can show evading end of case review. It's kind of a bizarre notion. I have to go back and look at that case. So 23-F questions can be decided pursuant to 23-F or end of case review, either one. So to say that this is something that admits of end of case review seems to me to say nothing with respect to what is cognizable under 23-F. The case law is clear. You don't have to bring the certification question under 23-F. You don't lose it. It's not waived. So it means it can be either place. So for you to argue that, well, they can do this after the fact is to say nothing about what they can do under 23-F. I don't believe that's consistent, Your Honor, with either in Ray Veneman or in Ray Johnson. Well, the case law is clear on that. There is no doubt you can do one. You don't waive the certification question merely because you don't bring it under 23-F. That's absolutely right, Your Honor. But what both in Ray Veneman and- So it doesn't make sense to say you should dismiss this 23-F because you can bring it after the fact. Of course they can bring it after the fact that they prefer to do it that way. No, this court has twice said that when there's an- the court twice has identified what it termed to be and considered to be fundamental issues of class action law that were unsettled and still denied the petitions because it said there's a separate criteria that it needs to evade end of case review. No, I think what they were saying- I think what they were saying, I'll go back and look at them again. I think what they were saying is this really is not about class certification. Whereas this, it seems to me, really is about class certification. Respectfully, Your Honor, I'd refer you to the- it's the final or the second to last paragraph of Ingrate Johnson and Ray Veneman's point as well. I hate to say that we've written something that's illogical, but it doesn't seem terribly logical because I would have to buy your argument. We would dismiss a 23-F because the questions being raised here can be raised at the conclusion of the case. That makes no sense because we already knew that, but you still can file a 23-F. But 23-F serves a perpet- interlocutory review, as Ingrate Lorazepam recognizes, is generally disfavored. And notwithstanding 23-F, it's still disfavored. So there's a subset of cases of special circumstances identified in Lorazepam where the court has said, on balance, it's better to depart from usual procedure and to allow for interlocutory review. Yeah, to get the case moving. No. Yes, that's why 23-F was adopted. If you look at Ingrate District of Columbia, for example, Your Honor, there, the court had grave doubts, or not- it didn't say grave doubts, but it had doubts about the class certification decision below, and it still said getting it moving and preventing the expenditure of resources isn't enough because there wasn't a showing of manifest error. So this court has actually been quite limited. Well, that's just our side. That's like on class- on certified question review. Sometimes we say, I don't know, beats us, keep going, and then we'll look at it later. So if you're simply citing cases where we've said, beats us, just keep going, we'll deal with it later, that doesn't prove anything. That's not helpful. I think taken as a totality, this court's decision is envenoment, injustice. I love the totality notion, but I can't think of anything else. Let's do totality. But individually and taken together, Your Honor, they show that this court has reserved its 23-F jurisdiction for a very special subset of cases. Yeah, cases in which someone has the right to take an interlocutory appeal to challenge a denial of class certification. That's the law. The law is that this court then has discretion and that that discretion is going to be guided by the factors laid out in the law. OK. Are there further questions from the panel? I see that I'm out of time. No. All right. Thank you, Mr. Soltzman. Thank you, Your Honor. One moment. I observed three. I know I went over. I don't think you had any time left, but we'll give you two minutes. Thank you very much, Your Honor, I appreciate that. Let me just try to make two points quickly. First, the government's urging the absurd result that having fully briefed the class certification issues before this court, you should say no, that it send the parties back to the district court in the hope that the district court grants the motion to intervene for purposes of appeal, which it has not done yet. The appeal is due in a week. And the court knows that, and it has not yet acted on the motion to intervene. What do you mean the appeal is due in a week? It is a motion to intervene in the district court for purposes of appeal. The government's suggesting that we should do this all over again and come back in a year and argue it because of end of case review. Effectively, we are at end of case review. That's my point. Secondly, with regard to the motion, to the denial of the motion to amend, Rule 16 does not substitute for Rule 23 standards, number one. And number two, not only was Brewer not a lack of diligence, he filed a motion to add new people within three months of his mandatory retirement. But there was absolutely no prejudice whatsoever. The proposed intervenors below brought only the exact same claims that were previously there. And there was built into the briefing schedule in the district court the opportunity to take discovery from the new class members and the government forewent that opportunity. There was absolutely no prejudice at all. So the court was wrong on that as well. But we plead with this court, please, to consider the merits, permit the parties, the intervenors to intervene so that this case can be addressed, both in this court and in the district court. Thank you. Thank you, Mr. Henderson. The case will be submitted.
judges: Brown, Edwards, Ginsburg